IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| V&B PROPERTIES LLC, a Nebraska Limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>ATLANTIC STATES INSURANCE COMPANY, a Pennsylvania corporation;<br><br>Defendant. | 8:23CV348<br><br>**MEMORANDUM AND ORDER** |

Before the Court is the Motion to Quash Subpoena to Non-Party KPE – Investigative Engineers, LLC to Produce Documents (Filing No. 17), the Motion to Quash Subpoena to Non-Party West Nebraska Claims Service, Inc. to Produce Documents (Filing No. 18), and the Motion to Quash Subpoena to Non-Party Donegal Insurance Group to Produce Documents (Filing No. 19). For the reasons set forth herein, this Court denies these Motions in part and grants these Motions in part.

## BACKGROUND

On August 7, 2023, Plaintiff V&B Properties, LLC ("Plaintiff") filed a Complaint against Defendant Atlantic States Insurance Company ("Defendant"). Filing No. 1. This Complaint sets forth breach of contract and bad faith claims related to Plaintiff's alleged coverage pursuant to an insurance policy issued by Defendant for certain commercial property. Plaintiff alleges such property was damaged during a hailstorm. The Complaint sets forth allegations regarding the non-parties whose motions are currently pending before this Court. More specifically, the Complaint alleges: Defendant retained KPE – Investigative Engineers, LLC ("KPE") to investigate the cause and origin of the damages to the property at issue (Filing No. 1 ¶ 22); Defendant retained West Nebraska Claims

Service, Inc. ("WNCS") to prepare an estimate of the scope and cost to repair the alleged damages at issue (Filing No. 1 ¶ 26); and Defendant, through Donegal Insurance Group ("Donegal"), advised Plaintiff of the amount of coverage that would be extended to Plaintiff. Filing No. 1 ¶ 31. For purposes of this order, the Court will refer to KPE, WNCS, and Donegal collectively as the "Non-Parties."

According to Non-Parties, the third-party subpoenas at issue were served on December 4, 2023.[1] Filing Nos. 17 ¶ 1; 18 ¶ 1; 19 ¶ 1. The subpoenas requested compliance by January 4, 2024. Filing Nos. 17-1; 18-1; 19-1. Counsel for the Non-Parties (who is also counsel for Defendant) alleges he requested an extension to respond to these subpoenas on December 27, 2023. Non-Parties argue this extension was granted and allowed them until January 14, 2024 to respond to the subpoenas at issue. The motions at issue were filed on January 15, 2024. There is no evidence before the Court that, prior to January 15, 2024, Non-Parties filed any objections to the subpoenas at issue, attempted to confer in good faith with the Plaintiff, or had a discovery conference with the Court.

## ANALYSIS

### I.   Procedural Issues.

As an initial matter, Plaintiff argues the Court should deny Non-Parties' motions to quash on procedural grounds for (1) failing to adhere to NE Civ. R. 7.1(a) and (j), (2) failing to comply with this Court's final progression order, and (3) failing to timely serve written objections pursuant to Fed. R. Civ. P. 45.

Plaintiff's first two arguments lack merit because Non-Parties are not parties to this litigation. NE Civ. R. 45.1 governs the issuance of subpoenas to nonparties. It requires a party to serve objections to another party's subpoena before filing a motion pursuant to NE Civ. R. 7.1. Rule 7.1(a) requires a moving party to file a

---

[1] The Court notes the filings show Plaintiff served KPE on December 5, 2023 (Filing No. 22-1); WNCS on December 9, 2023 (Filing No. 23-1); and Donegal on December 15, 2023. Filing No. 24-1.

brief in support of its motion when the motion raises a "substantial issue of law." Rule 7.1(j) requires the parties to meet and confer before filing a discovery motion.

Notably, Rule 45.1 only "governs the conduct of parties. It does not govern a nonparty's response upon receipt of a subpoena." *In re Cattle & Beef Antitrust Litigation v. JBS S.A., et al.*, No. 8:22CV204, 2022 WL 17718553, at *6 (D. Neb. Dec. 15, 2022). "While nonparties are wise to serve objections and confer with the serving party before engaging in litigation over compliance with a Rule 45 subpoena, NE Civ. R. 45.1 does not mandate completion of these steps before the nonparty files a motion to quash." *Id.* The Non-Parties in the instant case did not serve objections, file briefs in support of their respective motions, or meet to confer with Plaintiff in good faith. Since the Non-Parties are not parties, however, it is not appropriate to deny their motions to quash on this basis.

Similarly, the Court's final progression order prohibits the parties from filing a motion to quash "without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute." Filing No. 11 ¶ 4. Plaintiff did not cite, and the Court cannot locate, any authority holding that a non-party is bound by these types of provisions in a Rule 16 progression order. In the absence of such authority, the Court will not deny Non-Parties' motions to quash for failure to comply with the Court's progression order.

Next, Fed. R. Civ. P. 45 offers nonparties two options to challenge a subpoena. *In re Cattle & Beef Antitrust Litigation,* 2022 WL 17718553, at *6. A non-party may either serve a written objection or file a motion to quash. *Id.* Non-Parties opted to file a motion to quash instead of serving written objections.

Plaintiff argues Non-Parties waived their objections to Plaintiff's subpoenas because Non-Parties did not timely serve written objections as required by Rule 45(d)(2)(B). Plaintiff cites *Union Pacific R.R. Co. v. Huxtable,* No. 8:05CV296, 2006 WL 2335220 (D. Neb. Aug. 10, 2006) to support this argument. Rule 45(d)(2)(B) permits a subpoenaing party to move to compel production after a non-party objects. This was the procedural framework at issue in *Huxtable.* In *Huxtable*, a

party filed a motion to compel after a non-party failed to comply with a subpoena but did not file objections. *Id.* at *1. The magistrate judge[2] found the non-party waived its objections to the subpoena and granted the motion to compel. *Id. Huxtable* is inapposite to the instant case because Non-Parties opted to challenge the subpoenas pursuant to Rule 45(d)(3) by filing a motion to quash instead of challenging the subpoenas by filing a written objection pursuant to Rule 45(d)(2)(B).

In general, courts interpret Rule 45(d)(3) and Rule 45(d)(2)(B) as creating two, distinct procedures. *See, e.g.*, *Neo Ivy Cap. Mgmt. LLC v. Savvysherpa LLC*, No. 18-mc-0094, 2019 WL 1435058, at *4 (D. Minn. Mar. 8, 2019) (subpoenaed party is not required to "bring a motion to quash or modify in order to preserve its objections to a subpoena"); *Luman v. FCA US LLC*, No. 6:18-cv-6113, 2019 WL 3432422, at *2 (W.D. Ark. July 30, 2019) (subpoenaed party's "second option" after failing to timely serve written objections was to file a timely motion to quash); *Swanson v. Murray Bros., LLC*, No. 4:21-mc-00081, 2021 WL 1380285, at *1 (E.D. Mo. Apr. 12, 2021) (quoting *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015)) ("The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objections, as does failing to file a timely motion to quash."). Accordingly, Non-Parties were not required to serve written objections in addition to affirmatively moving to quash the subpoenas. The Court declines to deny the Non-Parties' motions to quash on the basis that Non-Parties did not serve and, therefore, waived any written objections.

Finally, the Court considers whether the Non-Parties' motions to quash were timely. Rule 45(d)(3)(A) provides that the Court "must quash or modify a subpoena," "on timely motion," when the subpoena "subjects a person to undue

---

[2] The Honorable F.A. Gossett, III, United States Recalled Magistrate Judge for the District of Nebraska.

burden."³ "While 'timely' is not defined in Rule 45(d)(3)(A), nor discussed in the advisory committee notes, '[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.'" *In re Cattle & Beef Antitrust Litigation*, 2022 WL 17718553, at \*6 (quoting *In re DMCA Section 513(b) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022)).

The return date on the contested subpoenas was January 4, 2024. Filing Nos. 17-1; 18-1; 19-1. Non-Parties each assert they were granted an extension until January 14, 2024 to respond to the subpoenas by Plaintiff. However, even assuming this is supported by the evidence, which this Court finds it is not,⁴ Non-Parties did not file the motions to quash until January 15, 2024. Non-Parties' motions to quash are untimely—the Court could deny Non-Parties' motions on this basis alone.⁵ Since Plaintiffs did not raise this argument, however, the Court reviews the substantive arguments presented in the motions.⁶

---

³ For brevity, the Court only cites the portion of Rule 45(d)(3)(A) pertinent to this analysis.

⁴ The Court finds this statement is not supported by the evidence. NE Civ. R. 7.1(a)(2)(A) provides that "[i]f a motion requires the Court to consider any factual matters not stated in the pleadings . . . the moving party must also file and serve supporting evidentiary materials not previously filed." Rule 7.1(a)(2)(A) goes on to state that "[a] factual assertion . . . must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the moving party relies." Furthermore, Rule 7.1(a)(2)(C) then requires an affidavit to "identify and authenticate any documents offered as evidence." The Court recognizes Non-Parties attach an email to their motion which requests an extension until January 14, 2024 regarding a subpoena issued to "Western Claims Service Inc.", which was granted by Plaintiff's counsel. However, this email is not appropriately submitted as evidence and cannot be considered. Nonetheless, even if this was properly before the Court as evidence pursuant to NE Civ. R. 7.1(a)(2)(A), at most, this email would support an extension to respond to the subpoena issued to WNCS alone until January 14, 2024, not for Non-Parties KPE or Donegal.

⁵ Non-Parties present two substantive bases for quashing the subpoenas: (1) the subpoenas subject them to undue burden and (2) the subpoenas request confidential commercial information from KPE and WNCS. Filing No. 17 ¶¶ 8–9, 15–16; Filing No. 18 ¶¶ 8–9, 15–16; Filing No. 19 ¶¶ 8–9 (undue burden only). Rule 45(d)(3)(A) provides that the Court must quash a subpoena for undue burden "[o]n timely motion." In contrast, Rule 45(d)(3)(B) provides that the Court may quash a subpoena requesting confidential commercial information "on motion"—omitting the word "timely." Accordingly, the Court's finding that it could deny Non-Parties' motions to quash as timely is limited solely to the Non-Parties' undue burden argument.

⁶ The Court notes that, even if Plaintiffs had argued the motions to quash were untimely under Rule 45(d)(3)(A), the Court would still use its discretion to review the substance of Non-Parties' motions. *See In re Keebaugh*, No. MC 19-163, 2019 WL 5802703, at \*3 (E.D. Pa. Nov. 6, 2019) ("'Good cause' or other circumstances may excuse an untimely motion [to quash].").

II.    **Substantive Analysis.**

District courts have broad discretion to limit discovery and decide discovery motions. *Wilbur-Ellis Co. v. Gompert*, No. 8:21CV340, 2023 WL 6038022, at *1 (D. Neb. Sept. 15, 2023) (citing *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993)). Moreover, a magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Id.* at *1.

The Court reviews the parties' positions under Fed. R. Civ. P. 26 and 45. Rule 26 defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery that is unreasonably burdensome, cumulative or outside the scope permitted by Rule 26(b)(1) should be limited by the Court.

Fed. R. Civ. P. 45 governs discovery from nonparties through the issuance of subpoenas. Rule 45 provides that nonparties may be commanded to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." However, "[t]he scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34 and is subject to the rules that apply to other methods of discovery." *Desert Orchid Partners, LLC v. Transaction System Architects, Inc.*, 237 F.R.D. 215, 217 (D. Neb. 2006) (quotation omitted). A subpoena "must seek relevant information." *Phelps-Roper v. Heineman*, No. 4:09CV3268, 2014 WL 562843, at *1 (D. Neb. Feb. 11, 2014).

Once relevance is determined, "[u]nless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden" and the party opposing discovery "has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome." *Jones v. McNeese*, No. 4:09CV3264, 2010 WL 4024755, at *2 (D. Neb. Oct. 13, 2010) (citing *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001)); *see*

*also Sheng Int'l Co. v. Prince Americas, LLC.*, No. 8:20CV124, 2021 WL 4918233, at *3 (D. Neb. Oct. 21, 2021).

Non-Parties concede the information requested in the subpoenas is relevant to the claims at hand. Filing Nos. 26 ¶ 3; 27 ¶ 3; 28 ¶ 3.[7] However, Non-Parties argue the subpoenas subject them to undue burden because the information requested via the subpoena can be obtained via Defendant and Plaintiff did not attempt to secure the requested information from a party to the litigation prior to issuing such subpoenas. Non-Parties further argue the subpoenas request they disclose confidential commercial information.

With regard to undue burden, Non-Parties argue the subpoenas should be limited because: (1) the information is obtainable from another source that is more convenient, less burdensome, or less expensive; (2) Plaintiff "has had ample opportunity by discovery in the action to obtain the information sought;" and (3) Fed. R. Civ. P. 45(d)(1) requires a party to avoid imposing undue burden or expense on a non-party. This argument appears to be based on the fact that the subpoenas at issue request information that could be obtained by a party to the litigation via discovery rather than through a non-party.[8]

---

[7] The Court notes KPE and WNCS dispute the relevance of the requests related to the alleged confidential commercial information, addressed below. However, this dispute is raised for the first time in KPE and WNCS' reply briefs. Despite this tardy argument, the Court will note that it believes the requests at issue meet the threshold relevance standard set forth in Rule 26 and, thus, Rule 45, when the Complaint alleges KPE and WNCS either performed an investigation and/or estimate regarding the damage at issue. The information requested would, at the least, go to Non-Parties' potential bias and/or credibility when performing such investigation and providing such estimates regarding the property at issue as well as the conclusions related to such.

[8] The Court notes Donegal's tardy argument, which is set forth for the first time in its reply brief, that any discovery served upon Donegal is unduly burdensome because Defendant has advised Plaintiff that Defendant is a subsidiary of Donegal. First, the only evidence of this factual issue is an email attached to Donegal's reply brief that does not comply with NE Civ. R. 7.1(a)(2)(A) and, as such, is not properly before the Court as evidence. However, even assuming Defendant is a subsidiary of Donegal, there is no evidence before the Court that Donegal may possess relevant information that its subsidiary, Defendant, does not possess. After all, Donegal conceded the information requested in the subpoena may be relevant to Plaintiff's claims. Filing No. 28 ¶ 3. Furthermore, there is no evidence before the Court as to any unusual, undue or extraordinary burden Donegal would bear in responding to such responses.

The Court has reviewed the subpoenas at issue and, upon review, finds that certain requests and/or sub-sections of such requests could be obtained from the parties to the action. As such, the Court finds the below requests, or sub-parts of such requests, to be unduly burdensome to the Non-Parties because Plaintiff can get such information from parties to the litigation, namely, Defendant.[9]

*Communication between Non-Parties and Parties to the Litigation*

KPE Subpoena Request No. 7: All E-Mail communications You sent to Atlantic States, Donegal, WNCS, Plaintiff, C3 or Merlin Law Group related to the Claim, including to the following E-Mail addresses . . . .

KPE Subpoena Request No. 8: All E-Mail communications You received from Atlantic States, Donegal, WNCS, Plaintiff, C3 or Merlin Law Group related to the Scotts Insurance Claim, including from the following E-Mail addresses . . . .

KPE Subpoena Request No. 9: All written communications you sent or received from Atlantic States, Donegal, WNCS, Plaintiff, C3 or Merlin Law Group related to the Claim.

WNCS Subpoena Request No. 9: All E-Mail communications You sent to Atlantic States, Donegal, KPE, Plaintiff, C3 or Merlin Law Group related to the Claim, including to the following E-Mail addresses . . . .

WNCS Subpoena Request No. 10: All E-Mail communications You received from Atlantic States, Donegal, KPE, Plaintiff, C3 or Merlin Law Group related to the Scotts Insurance Claim, including from the following E-Mail addresses . . . .

WNCS Subpoena Request No. 11: All written communications you sent to or received from Atlantic States, Donegal, KPE, Plaintiff, C3 or Merlin Law Group related to the Claim.

Donegal Subpoena Request No. 10: All written communications Donegal Insurance Group or Susan Keeton sent to or received from Atlantic States, KPE, WNCS, Plaintiff, C3 or Merlin Law Group related to the Claim.

---

[9] If, for some reason, Plaintiff is not able to obtain this information from parties to the litigation, Plaintiff should advise the Court after attempting to obtain the information from such sources.

> Donegal Subpoena Request No. 11:  All E-Mail Communications Donegal Insurance Group or Susan Keeton sent to Atlantic States, KPE, WNCS, Plaintiff, C3 or Merlin Law Group related to the Claim, including to the following E-Mail addresses . . . .
>
> Donegal Subpoena Request No. 12:  All E-Mail Communications Donegal Insurance Group or Susan Keeton received from Atlantic States, KPE, WNCS, Plaintiff, C3 or Merlin Law Group related to the Scotts Insurance Claim, including from the following E-Mail addresses . . . .

Plaintiff requests Non-Parties provide communications between each Non-party and Plaintiff, Defendant, and/or Plaintiff's counsel. This information can be obtained from a party to the litigation. As such, the Court will find the aforementioned requests to be unduly burdensome with regard to any request to provide communications to and/or from Defendant (Atlantic States), Plaintiff, and/or Merlin Law Group (Plaintiff's counsel) and, therefore, quashes these portions of the subpoenas. Non-Parties are to answer all other subparts of these requests.

### *Documents received from Non-Parties from Parties to the Litigation*

> KPE Subpoena Request No. 10:  All documents provided to You by Atlantic States, Donegal, or WNCS related to Your investigation of the Claim.
>
> KPE Subpoena Request No. 12:  All training materials and guidelines You have received from Atlantic States from October 2021 through present relating to the hail damaged commercial property claims and the Claim.
>
> WNCS Subpoena Request No. 8: All documents provided to West Nebraska Claims Service by Atlantic States related to its investigation of the Claim.
>
> Donegal Subpoena Request No. 8: All instructions or guidelines relating to the adjustment, evaluation, or investigation of property insurance claims provided to Donegal Insurance Group by Atlantic States.
>
> Donegal Subpoena Request No. 9: All documents provided to Donegal Insurance Group by Atlantic States related to the Claim.

Plaintiff requests Non-Parties provide documents provided to Non-Parties. This information can be obtained from a party to the litigation. As such this Court will find the aforementioned requests to be unduly burdensome with regard to documents provided to Non-Parties by Defendant and, therefore, quashes these portions of the subpoenas. Non-Parties are to answer all other subparts of these requests.

*Relationship between Defendant and Non-Parties*

KPE Subpoena Request No. 14: All documents sufficient to identify all insurance claims You were assigned involving the hail damaged commercial property claims by Atlantic States from October 2021 through present.

NOTE: In lieu of a document production, You may list responsive claims, by identifying for each claim: the claimant, Atlantic States claim number, and the court, if applicable.

KPE Subpoena Request No. 15: All documents sufficient to identify all insurance claims You have been assigned by Atlantic States in the last five (5) years.

NOTE: In lieu of a document production, You may list responsive claims, by identifying for each claim: the claimant, Atlantic States claim number, peril, and the state where the claim originated.

WNCS Subpoena Request No. 13: All documents sufficient to identify all insurance claims You have been assigned by Atlantic States or Donegal in the last five (5) years.

NOTE: In lieu of a document production, You may list responsive claims, by identifying for each claim: the claimant, Atlantic States claim number, peril, and the state where the claim originated.

Donegal Subpoena Request No. 2: All documents sufficient to identify all insurance claims Donegal Insurance Group has been assigned by Atlantic States in the last five (5) years.

NOTE: In lieu of a document production, You may list responsive claims, by identifying for each claim: the claimant, Atlantic States claim number, peril, and the state where the claim originated.

Plaintiff requests information regarding claims assigned to Non-Parties by Defendant. Plaintiff can obtain the list of responsive claims and relevant information from Defendant. As such, the Court finds the aforementioned requests to be unduly burdensome with regard to any requests regarding claims assigned by Defendant and, therefore, quashes these portions of the subpoenas.

The Court will now address Non-Parties' assertion that the subpoenas request the disclosure of confidential commercial information. The relevant requests to KPE and WNCS request a "List of insurance companies you have been retained by and a total number of claims for each insurance company in the last five (5) years." Filing No. 17-1 (Request No. 16); Filing No. 18-1 (Request No. 14).

"To withhold information under a claim that the information is 'confidential' . . . [a party] must demonstrate the confidential and proprietary nature of the discovery and the need for non-disclosure." *Wagner*, 208 F.R.D. at 612. "Confidential business information is property, but the extent of the property right and the entitlement to withhold it from discovery depends on whether the business has attempted to keep it secret." *Id.* (first citing *Carpenter v. United States*, 484 U.S. 19, 26 (1987), and then citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984)); *see also McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14CV351, 2016 WL 299014, at *3 (D. Neb. Jan. 25, 2016).

The Court has reviewed the remainder of the requests set forth in each subpoena and, based upon the evidence properly before it, does not find that the remainder of the information could be obtained from a party to the litigation.

It was Non-Parties' burden to demonstrate the confidentiality of the information at issue. *See ACI Worldwide Corp. v. Mastercard Technologies, LLC*, No. 8:14CV31, 2016 WL 3647850, at *4 (D. Neb. July 1, 2016) (citing *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991)). There is no evidence before the Court of the confidentiality of the commercial information at issue or, more specifically, Non-Parties' attempts to keep secret the list of insurance companies they had been retained by and the total number of claims they had for

each insurance company. As such, based upon the record before the Court, the Court will deny Non-Parties' motion to quash on this basis.

Accordingly,

IT IS ORDERED:

1) KPE's Motion to Quash Subpoena (Filing No. 17), WNCS' Motion to Quash Subpoena (Filing No. 18), and Donegal's Motion to Quash Subpoena (Filing No. 19) are granted in part and denied in part.
2) The Court quashes the following portions of the subpoena served upon KPE:
    a. Any portions of Request Nos. 7–9 which request communications to and/or from Defendant, Plaintiff, and/or Merlin Law Group;
    b. Any portions of Request No. 10 which request documents provided to KPE by Defendant.
    c. Request Nos. 12, 14–15.
3) The Court quashes the following portions of the subpoena served upon WNCS:
    a. Any portions of Request Nos. 9–11 which request communications to and/or from Defendant, Plaintiff, and/or Merlin Law Group;
    b. Request No. 8.
    c. The portion of Request No. 13 that requests identification of all insurance claims assigned by Defendant.
4) The Court quashes the following portions of the subpoena served upon Donegal:
    a. Any portions of Requests Nos. 10–12 which request communications to and/or from Defendant, Plaintiff, and/or Merlin Law Group;
    b. Request Nos. 2, 8, and 9.

5) For the portions of the subpoenas this Court did not quash, Non-Parties' motions are denied and KPE, WNCS, and Donegal shall produce the responsive documents to Plaintiff by May 22, 2024.

Dated this 1st day of May, 2024.

                                      BY THE COURT:

                                      *s/ Jacqueline M. DeLuca*
                                      United States Magistrate Judge